KIMBERLEA SHAW REA
WESTERVELT & REA, LLP
50 North Ferry Road
P.O. Box 633
Shelter Island, New York 11964
Tel.: (631) 749-0200
Fax: (631) 749-0292
Email: kimberlearea@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YOK**
-------------------------------------------------------------X
UNITED STATES OF AMERICA,            7:19-cv-09600(KMK)

                     Plaintiff,

                                                   **ANSWER**
   -against-                                           **AND**
                                                   **DEMAND FOR JURY TRIAL**

MARK FORD, MARK FORD STABLES, INC.
MARK FORD STAGE ROAD PROPERTY, INC.,
AND FORD EQUINE, LTD.,

                     Defendants
-------------------------------------------------------------X

     1. Defendants Mark Ford, Mark Ford Stables, Inc., Mark Ford Stage Road Property, Inc., and Ford Equine Ltd., by their undersigned counsel, hereby answer the Complaint filed against them by the United States of America, upon information and belief, as follows:

     2. The allegations contained in paragraph 2 contain Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendants deny them, and deny the factual allegations contained in paragraph 2.

     3. The allegations contained in paragraph 3 contain Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendants deny them, and deny the factual allegations contained in paragraph 3.

1

4. The allegations contained in paragraph 4 contain Plaintiff's conclusions of law and its characterization of the relief it seeks, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

5. The allegations contained in paragraph 5 contain Plaintiff's conclusions of law regarding jurisdiction, to which no response is required, but Defendants deny that this Court has subject matter jurisdiction as alleged by Plaintiffs in paragraph 5.

6. The allegations contained in paragraph 6 contain Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendants deny them.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations of paragraph 7.

**PARTIES**

8. Admit the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Admit the allegations contained in paragraph10.

11. Admit the allegations contained in paragraph 11.

12. Admit the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 contain Plaintiff's conclusions of law, and a selective characterization of Section 502(b) of the Clean Water Act ("CWA"), citing 33 U.S.C. §§1362(5), to which no response is required. To the extent that a response is required, Defendants hereby deny them, and respectfully refer the Court to Section 502 of the CWA for a complete and accurate description of its contents.

14. The allegations contained in paragraph 14 contain Plaintiff's conclusions of law, citing 33 U.S.C. §1251(a), to which no answer is required. To the extent that a response is required, Defendants hereby deny them and respectfully refer the Court to Section 404 of the CWA for a complete and accurate description of its contents.

15. The allegations contained in paragraph 15 contain Plaintiff's conclusions of law, and selective characterizations of Section 301(a) of the Clean Water Act ("CWA"), citing 33 U.S.C §1311(a); 33 U.S.C. §§1342, 1344, to which no answer is required. To the extent that a response is required, Defendants deny them and respectfully refer the Court to Section 301 of the CWA for a complete and accurate description of its contents.

16. The allegations contained in paragraph 16 contain Plaintiff's conclusions of law, and a selective characterization of the CWA, citing 33 U.S.C. §1362(7), and the Code of Federal Regulations ("C.F.R.") 33 C.F.R. 33 §328.3(a) (1993) and 40 C.F.R. §122.2 (1993), to which no answer is required. To the extent that a response is required, Defendants deny them and respectfully refer the Court to Sections 301 and 404 of the CWA and applicable sections of the CFR for a complete and accurate description of their contents.

17. The allegations contained in paragraph 17 contain Plaintiff's conclusions of law, and a selective characterization of the CWA, 33 U.S.C. §1362(14), to which no answer is required. To the extent that a response is required, Defendants hereby deny them and respectfully refer the Court to Section 301 of the CWA for a complete and accurate description of its contents.

18. The allegations contained in paragraph 18 contain Plaintiff's conclusions of law, and a selective characterization of the CWA, citing 33 U.S.C §1362(6), to which no answer is required. To the extent that a response is required, Defendants hereby deny them and respectfully refer the Court to the CWA for a complete and accurate description of its contents.

19. The allegations contained in paragraph 19 contain Plaintiff's conclusions of law, and a selective characterization of C.F.R. §328.3(b) (1993), to which no answer is required. Defendants respectfully refer the Court to the applicable section of the CFR for a complete and accurate description of its contents.

20. The allegations contained in paragraph 20 contain Plaintiff's conclusions of law, and a selective characterization of Section 404(a) of the CWA and CFR, citing 33 U.S.C. §1344(a) and 40 C.F.R. §230.1, to which no answer is required. Defendants respectfully refer the Court to Section 404 of the Clean Water Act and the applicable section of the CFR for a complete and accurate description of their contents.

21. The allegations contained in paragraph 21 contain Plaintiff's conclusions of law, and a selective characterization of Section 402 of the CWA, and 40 C.F.R. §230.1, to which no answer is required. In the event that a response is required, Defendants deny them and respectfully refer the Court to Section 402 of the CWA and the applicable section of the CFR for a complete and accurate description of their contents.

22. The allegations contained in paragraph 22 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

23. The allegations contained in paragraph 23 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

24. The allegations contained in paragraph 24 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

25. The allegations contained in paragraph 25 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

26. The allegations contained in paragraph 26 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

27. The allegations contained in paragraph 27 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

28. The allegations contained in paragraph 28 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

29. The allegations contained in paragraph 29 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

30. The allegations contained in paragraph 30 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

31. The allegations contained in paragraph 31 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

32. The allegations contained in paragraph 32 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

33. The allegations contained in paragraph 33 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

34. The allegations contained in paragraph 34 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

35. The allegations contained in paragraph 35 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

36. The allegations contained in paragraph 36 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

37. The allegations contained in paragraph 37 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants deny them.

## **VIOLATIONS OF THE CWA BY FORD AND THE FORD COMPANIES**

**I.** **Ford and the Ford Companies Discharged Fill Into Jurisdictional Wetlands and Streams Without a Permit.**

### A. Defendants Filled Jurisdictional Wetlands and Rerouted a Stream at the Slaughter Road Site

#### i. The Site

38. Deny the allegations contained in the numbered headings that appear immediately above paragraph 38 of the Complaint, and admit the allegations contained in paragraph 38, but aver that the 90 Slaughter Road property is also used for farming.

39. Admit the allegations contained in paragraph 39 of the Complaint, that Mark Ford is the president of Mark Ford Stage Road Property, Inc., Mark Ford Stables, Inc., and Ford Equine, Ltd., but deny Plaintiff's allegations that he controlled all activities that occurred at the 90 Slaughter Road property. The construction contractor, A. Servidone Inc., also shared control of the property during its development.

40. Admit the allegations contained in paragraph 40 that the 90 Slaughter Road property consists of approximately 75.8 acres, and that an unnamed stream flows southward through the middle of it, but deny having knowledge or information sufficient to form a belief as to the truth of allegations that the stream is named "Crystal Run Creek." Upon information and belief, the stream is unnamed.

41. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 regarding EPA's activities; deny the references to paragraphs 54 and 60 that purport to impute liability to Defendants; and admit that an unnamed perennial tributary of the Wallkill River flows southward through the middle of the 90 Slaughter Road property. Upon information and belief, there is no stream named "Crystal Run Creek," as alleged in Paragraph 41 and elsewhere in the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

### ii. Ford Is on Notice of Jurisdictional Wetlands

43. Deny the allegations contained in the numbered heading that appears directly above paragraph 43 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except that they deny allegations that wetlands on the property were "jurisdictional" wetlands.

45. The allegations contained in paragraph 45 contain Plaintiff's characterization of the 1995 Jurisdictional Determination prepared by the Army Corps of Engineers, which requires no response, but Defendants respectfully refer the Court to the 1995 Jurisdictional Determination for an accurate description of its contents, which does not contain "Crystal Run Creek."

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, but they are nonetheless denied.

47. Admit the allegations of paragraph 47 of the Complaint.

48. Defendants admit that Mark Ford and Mark Ford Stables, Inc. began construction and development of the 90 Slaughter Road property in the Spring of 2007.

49. Defendants admit that environmental consultants, Robert Torgersen and Peter Torgersen ("Torgersen"), on behalf of Mark Ford and Mark Ford Stables, Inc., performed a threatened species habitat site investigation of the Eastern Bog Turtle, on the 90 Slaughter Road property, to fulfill requirements of the Army Corps of Engineers' Nationwide Permit program.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Defendants admit the allegations contained in paragraph 51, that Torgersen prepared its Habitat Site Investigation and Report – Horse Training Facility – Mark S. Ford Stables, Inc., on

the Eastern Bog Turtle in a report dated July 30, 2007, to comply with U.S. Fish and Wildlife regulations and relevant provisions of the Army Corps of Engineers Nationwide Permit program for construction activities on 90 Slaughter Road.

52. The allegations contained in paragraph 52 of the Complaint contain Plaintiff's selective characterizations of the Torgersen Habitat Site Investigation and Report, to which no response is required. Defendants respectfully refer the Court to the Torgersen Habitat Site Investigation Report itself for a full and accurate description of its contents.

53. The allegations of paragraph 53 contain Plaintiff's conclusions of law to which no answer is required, but which are nonetheless denied. Defendants deny the factual allegations contained in paragraph 53.

### iii. Ford Fills in Jurisdictional Wetlands Identified by His Contractors

54. Deny the allegations contained in the numbered heading that appears immediately above paragraph 54 of the Complaint. The allegations contained in paragraph 54 that deem approximately 24 acres of wetlands on the property to be "jurisdictional" and therefore impute liability to Defendants consist of Plaintiff's conclusions of law, to which no response is required, but which is nonetheless denied.

55. Deny the allegations of paragraph 55.

56. Defendants admit the allegations of paragraph 56.

57. Defendants deny knowledge or information sufficient for form a belief as to the truth of the allegations of paragraph 57 regarding an unnamed magazine article in which Ford was purportedly quoted.

58. Deny the allegations contained in paragraph 58 that Mark Ford caused "additional" creek bed to be straightened, but admit that in 2011, he and Mark Ford Stables began straightening and

channelizing the creek bed of the unnamed stream south of the track, to control massive flooding caused by Hurricane Lee, then Hurricane Irene, which had washed out the bridges over the stream, flooded the property, and washed out most of Slaughter Road. These flood waters also dispersed several acres' worth of refuse that had for years been illegally dumped onto the stream banks along Slaughter Road. Defendants started emergency repair work during the moratorium signed by Governor Cuomo in 2011, when FEMA crews were still active all over Orange County.

59. Defendants admit that, after cleaning up and disposing of several acres' worth of wastes from the stream and its banks, they repaired the bridges, and straightened and channelized (deepened) the stream bed south of the track, nearest to Slaughter Road. They admit that, with the help of A. Servidone, Mark Ford and Mark Ford Stables, Inc. built up the levels of the banks of the stream – which is still flowing – which work was done pursuant to a Storm Water Pollution Prevention ("SWPP") plan reviewed and approved by the Town of Wallkill in accordance with the New York State Pollutant Discharge Elimination System ("SPDES") permit issued by the New York State Department of Environmental Conservation ("NYSDEC"). Defendants deny that they filled any portion of the stream north of the track and deny having knowledge or information sufficient to form a belief about the truth about 2013 aerial imagery alleged by Plaintiff in paragraph 59.

60. The allegations of paragraph 60 of the Complaint contain Plaintiff's conclusions of law that Defendants filled "jurisdictional" wetlands, which require no response, but admit that with the aid of the construction contractor A. Servidone Inc., Mark Ford and Mark Ford Stables Inc. did straighten, channelize, and deepen the unnamed stream south of the track along Slaughter Road, to control this endemic flooding. A. Servidone is a New Jersey corporation registered to

do business in doing business in New York, with a principal executive office in Castleton, New York.

### B. Defendants Filled Jurisdictional Wetlands and Straightened Streams at the Ford Equine Site.

61. Deny the allegations contained in the numbered heading that appears immediately above paragraph 61 of the Complaint. They admit the allegations contained in Paragraph 61 but aver that they call the property located at 484 Stoney Ford Road the "Ford Farm."

62. Admit that Ford Equine, Ltd. purchased 482/484 Stony Ford Road in September 2014, but deny the remainder of the allegations contained in paragraph 62.

63. Admit the allegations contained in paragraph 63 that an unnamed residual stream, which had been previously ditched and relocated by previous owners (and the neighboring landowner) existed on the eastern portion of Ford Farm at the time Ford Equine, Ltd. bought Ford Farm.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, which are nonetheless denied.

65. Defendants deny the allegations contained in Paragraph 65, except that they admit that NYSDEC excavated and sampled test pits in the eastern part of Ford Farm to characterize the character of the soils beneath the fill material.

66. The allegations contained in paragraph 66 contain Plaintiff's conclusions of law that require no response. To the extent that a response is required, Defendants deny them.

67. Defendants admit that A. Servidone Inc. continued to perform construction activities at Ford Farm, and that they used mechanized land clearing equipment.

68. Defendants admit that A. Servidone Inc. filled a portion of the ditched stream on the Ford Farm property and rerouted it, and that the stream continues to flow into the Wallkill River.

69. Admit that A. Servidone Inc. continued to place demolition material on the Ford Farm property, as part of its development, and in accordance with its SWPP plan issued by the Town of Wallkill, and the SPDES permit issued by NYSDEC.

70. Defendants admit that they did not seek a permit from the Corps of Engineers, because they, through their contractor A. Servidone Inc. had already sought and received a SPDES Permit from the NYSDEC and a SWPP issued by the Town of Wallkill for construction on the Ford Farm property, and because the Corps of Engineers never ordered the work to stop.

II. **Mark Ford Stage Road Property Violated Its Construction General Permit at the Slaughter Road Site**

71. Defendants deny the allegations contained in the numbered heading that appears directly above paragraph 71 of the Complaint, and admit the allegations contained in paragraph 71.

72. The allegations contained in paragraph 72 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants admit that they, through their contractor A. Servidone Inc. sought and received a Construction General Permit from NYSDEC, under SPDES Permit number NYR11A294.

73. The allegations contained in paragraph 73 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants deny the factual allegations that they were not in compliance with their Construction General Permit issued by NYSDEC.

74. The allegations contained in paragraph 74 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants deny the allegations that runoff from stockpiled soils discharged into the unnamed stream that Plaintiff refers to as Crystal Run Creek.

75. The allegations contained in paragraph 75 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants deny allegations that the dry, upland-vegetated ditch is a tributary of the stream that Plaintiff refers to as "Crystal Run Creek", deny discharges, to the stream, and therefore deny any impairment waters.

76. The allegations contained in paragraph 76 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants deny allegations that they violated their NYSDEC Construction General Permit.

77. The allegations contained in paragraph 77 of the Complaint contain conclusions of law that require no response. To the extent that a response is required, Defendants deny them. Defendants admit allegations that their consulting engineer submitted a Notice of Termination of the Construction General Permit to NYSDEC (which had issued the permit), and deny that they are liable for civil penalties.

### III. Ford Discharged Animal Waste and Cleaning Agents Into Waters of the United States

78. Deny the allegations contained in the numbered heading that appears directly above paragraph 78 of the Complaint, but admit the allegations contained in paragraph 78.

79. Admit the allegations contained in paragraph 79 of the Complaint but aver that there are generally far fewer than 330 horses housed in the barns at any one time.

80. Admit the allegations contained in paragraph 80 regarding the number of barns, the wash bays and swimming pool, but deny that the horses are washed "daily." They admit allegations that a corrugated drainage pipe discharges into the dry, man-made, upland-vegetated ditch behind the barns, but deny that discharges from the pipe discharge into the unnamed stream that Plaintiff refers to as "Crystal Run Creek."

81. Defendants admit the allegations of paragraph 81 regarding the manure barns but deny that discharges from a black corrugated pipe discharges into the dry, man-made, upland-vegetated ditch discharge into the unnamed stream that Plaintiff refers to as "Crystal Run Creek."

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Admit the allegations of paragraph 83 regarding the number of horse paddocks but deny that any discharges from a black corrugated pipe are discharged into the unnamed stream that Plaintiff refers to as "Crystal Run Creek."

84. Admit the allegations contained in paragraph 84.

85. Deny the allegations contained in paragraph 85, except that they admit that both sites dispose of waste (a mix of approximately 95% sawdust bedding and 5% manure) by removing it, or having it removed by end-users who compost it off-site.

86. Admit the allegations contained in paragraph 86.

87. Defendants deny having knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 87, and therefore deny them.

88. Defendants deny having knowledge or information sufficient to allow them to form a belief about the truth of the allegations contained in paragraph 88, and therefore deny them.

89. Admit the allegations contained in paragraph 89 regarding drainage through a pipe into the dry, man-made, upland-vegetated ditch, but deny that discharges from those pipes ever discharge into the stream that Plaintiff refers to as "Crystal Run Creek."

90. Defendants deny having knowledge or belief sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 90, and therefore deny them.

91. Defendants deny knowledge or belief sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 91, and therefore deny them. Defendants also

aver that what is referred to as "manure" in paragraph 91 actually consists of approximately 95% sawdust bedding and 5% horse manure, and that the farm's practice is to store the mix under the cover of the manure barns until it is disposed of by removing it from the properties.

92. Defendants deny having knowledge or belief sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 92, and therefore deny them. Defendants deny that are any discharges into what Plaintiff refers to as "Crystal Run Creek" from the dry, man-made, upland vegetated ditch.

93. Defendants deny knowledge or belief sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 93, and therefore deny them.

94. The allegations contained in paragraph 94 contain Plaintiff's conclusions of law and its characterization of the elements of CAFO regulation, which require no response, but Defendants aver that this Court lacks subject matter jurisdiction and that they are not subject to CAFO regulation.

95. Defendants admit that EPA sent an inspection report dated June 8, 2017, but deny the allegations contained in the report and deny that they are subject to CAFO regulation.

## FIRST CLAIM FOR RELIEF

*Unpermitted Discharges of Fill Into Jurisdictional Wetlands and Streams*
*(33 U.S.C. § 1311(a))*

96. Defendants deny the allegations contained in the heading that appears before paragraph 96 of the Complaint, and repeat and reallege their responses to paragraphs 1 through 95.

97. The allegations contained in paragraph 97 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but Defendants nonetheless deny that they filled wetlands that were jurisdictional "Waters of the United States."

98. The allegations contained in paragraph 98 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but Defendants nonetheless deny that they illegally filled wetlands that were jurisdictional "Waters of the United States."

99. The allegations contained in paragraph 99 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

100. The allegations contained in paragraph 100 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

101. The allegations contained in paragraph 101 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

102. The allegations contained in paragraph 102 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

103. The allegations contained in paragraph 103 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

104. The allegations contained in paragraph 104 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

105. The allegations contained in paragraph 105 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

106. The allegations contained in paragraph 106 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

107. The allegations contained in paragraph 107 of the Complaint contain Plaintiff's conclusions of law, to which no response is required, but which are nonetheless denied.

**SECOND CLAIM FOR RELIEF**

*Violation of Construction General Permit*
*(33 U.S.C. § 1342)*

108. Defendants deny the allegations contained in the heading that appears before paragraph 108 of the Complaint and repeat and reallege their responses to paragraphs 1 through 107.

109. The allegations of paragraph 109 contain Plaintiff's conclusions of law, which require no response, but which are nonetheless denied.

110. The allegations of paragraph 110 contain Plaintiff's conclusions of law, which require no response, but which are nonetheless denied. Defendants deny the factual allegations contained in paragraph 110.

111. The allegations of paragraph 111 contain Plaintiff's conclusions of law, which require no response, but which are nonetheless denied. Defendants deny the factual allegations contained in paragraph 111.

112. The allegations of paragraph 112 contain Plaintiff's conclusions of law, which require no response, but which are nonetheless denied.

### THIRD CLAIM FOR RELIEF

*Unauthorized Discharges of Pollutants from*
*Concentrated Animal Feeding Operation and Other Point Sources*
*(33 U.S.C. § 1311(a))*

113. Defendants deny the allegations contained in the heading that appears before paragraph 113 of the Complaint and repeat and reallege their responses to paragraphs 1 through 112.

114. The allegations of paragraph 114 contain Plaintiff's conclusions of law, require no response, but which are nonetheless denied. The factual allegations of paragraph 114 are hereby denied.

115. The allegations of paragraph 115 contain Plaintiff's conclusions of law, require no response, but which are nonetheless denied.

116. The allegations of paragraph 116 contain Plaintiff's conclusions of law, require no response, but which are nonetheless denied. The factual allegations of paragraph 116 are hereby denied.

117. Deny that they "failed" to obtain coverage under CAFO permits as alleged in paragraph 117; they are exempt from CAFO regulation and therefore not required to apply for such permits. Defendants further aver that they are not required to obtain a permit to discharge into the dry man-made, upland-vegetated ditch that does not cause discharges from Defendants' property into "Waters of the United States."

118. The allegations of paragraph 118 contain Plaintiff's conclusions of law, which require no response, but which are nonetheless denied. They deny the factual allegations contained on paragraph 118.

119. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 regarding "Significant Rainfall Event," but they are nonetheless denied. Defendants deny the factual allegations regarding manure and discharges into "Crystal Run Creek."

120. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 regarding "Significant Rainfall Events," but they are nonetheless denied.

121. The allegations of paragraph 121 contain Plaintiff's conclusions of law, require no response, but are nonetheless denied.

122. The allegations of paragraph 122 contain Plaintiff's conclusions of law, require no response, but are nonetheless denied.

123. The allegations of paragraph 123 contain Plaintiff's conclusions of law, require no response, but are nonetheless denied.

124. The allegations of paragraph 124 contain Plaintiff's conclusions of law, require no response, but are nonetheless denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has failed to name a required and indispensable party, A. Servidone Inc., whose joinder is feasible and in whose absence this Court cannot accord relief among the existing parties, as required by Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

This action is time-barred under the applicable Statute of Limitations.

## FIFTH DEFENSE

This action is barred under the doctrine of laches.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants hereby demand a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request dismissal with prejudice of this case against them, and entry of an order granting them all other relief which this Court deems just.

Dated: Shelter Island, New York
January 6, 2020

                                                            Respectfully submitted,

                                                             */s/ Kimberlea Shaw Rea*

                                                              KIMBERLEA SHAW REA
                                                              WESTERVELT & REA LLP
                                                              50 North Ferry Road
                                                              P.O. Box 633
                                                              Shelter Island, New York 11964-0633
                                                              Tel.: (631) 749-0200
                                                              Fax: (631) 749-0292
                                                              E-mail: kimberlearea@gmail.com
                                                              **COUNSEL FOR DEFENDANTS**

TO:    TOMOKO ONOZAWA
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, New York 10007
          Tel.: (212) 637-2721
          Fax: (212) 637-6286
          E-mail: tomoko.onozawa@usdoj.gov
       **COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, KIMBERLEA SHAW REA, do hereby certify that on January 6, 2020, I caused a copy of the foregoing Answer to the Complaint to be served by ECF and Electronic Mail on the following:

>Tomoko Onozawa
>Assistant United States Attorney
>Southern District of New York
>86 Chambers Street
>New York, New York 10007
>Counsel for Plaintiff

Dated:   Shelter Island, New York
         January 6, 2020

                              */s/  Kimberlea Shaw Rea*

                              KIMBERLEA SHAW REA