

November 18, 2020

The Hon. Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>**Via ECF**</u>

    Re: *United States v. Mark Ford et al.,* 7:19-cv-09600(KMK)

Dear Judge Halpern:

    Brian K. Kelsey of the Liberty Justice Center, Counsel for Defendants Mark Ford, Mark Ford Stables, Inc., Mark Ford Stage Road Property, Inc., and Ford Equine Ltd., hereby submits this letter advising the Court of the scope of the Liberty Justice Center's representation in this case. The letter is written in response to the November 4, 2020 letter to the Court from counsel for the United States, Tomoko Onozawa, Dkt. 53, and the November 16, 2020 Order from the Court for a response from Defendants, Dkt. 54.

    Liberty Justice Center has a limited scope of representation agreed to with the Defendants. While Kimberlea Rea, of Westervelt & Rea LLP, serves as Lead Counsel in this matter, the Liberty Justice Center entered this case as *pro bono* counsel to represent the Defendants as to specific constitutional defenses Defendants wished to raise, and which were intended to be made in a motion for which Counsel filed a pre-motion letter brief on March 9, 2020. *See* Dkt. 28. This Court denied Defendants leave to file this motion prior to discovery. *See* Minute Entry, May 12, 2020. Liberty Justice Center has, therefore, remained as counsel in the case in a secondary capacity in anticipation of raising these same arguments at the close of discovery in the form of a Motion for Summary Judgment.

    On May 12, 2020, the case was referred to Magistrate Judge McCarthy for settlement purposes. Dkt. 33. Over the course of those negotiations, Ms. Rea has advised Magistrate Judge McCarthy and the government on several occasions that Defendants are no longer able to pay her for her services and have not been able to do so for some time. Therefore, she has represented to the Court that, while she was willing to stay on for the purposes of negotiating a settlement, if a settlement is not reached, she will be forced to withdraw her representation due to non-payment of legal fees.

    In the interests of disclosure, Liberty Justice Center is submitting this letter to inform the Court that it does not believe it is in a position to litigate this case as Lead Counsel if Ms. Rea is allowed to withdraw. Liberty Justice Center's representation of Defendants has always



been limited in scope, per written agreement with Defendants. As a non-profit, public interest law firm specializing in constitutional litigation, Liberty Justice Center does not believe it has the resources to serve as *pro bono* Lead Counsel in this environmental law case. Liberty Justice Center, therefore, wishes the Court to understand that, if Ms. Rea is forced to file a motion withdraw her representation due to non-payment of legal fees, Liberty Justice Center will likely also be forced to file a motion to withdraw as Counsel in this case, leaving Defendants potentially to proceed without representation. Liberty Justice Center hopes that the case can settle and that its motion to withdraw will not have to be filed; however, if filed, Liberty Justice Center requests that its motion to withdraw be granted in fulfillment of its agreement with Defendants, who consented to the waiver of the confidential nature of the agreement for the purposes of filing this letter.

    Respectfully submitted,

    /s/ Brian K. Kelsey
    Brian K. Kelsey (*Pro Hac Vice* granted)
    Senior Attorney
    bkelsey@libertyjusticecenter.org