UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    -v-<br><br>MARK FORD, MARK FORD STABLES, INC.,<br>MARK FORD STAGE ROAD PROPERTY, INC.,<br>and FORD EQUINE, LTD.,<br><br>      Defendants. | 19 Civ. 9600 (PMH)<br><br>**THE DEFENDANTS' INITIAL DISCLOSURES UNDER RULE 26(a)** |

   Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants Mark Ford, Mark Ford Stables, Inc., Mark Ford Stage Road Property, Inc., and Ford Equine, Ltd. ("Defendants"), by their undersigned counsel, make the following disclosures, and these disclosures are made without waiving the attorney client privilege or attorney work product doctrine.

   A. The following individuals are likely to have discoverable information about the allegations and defenses set forth in Defendants' Answer:

   1. Mark Ford (site conditions before and after purchase and development of the properties; the severe flooding that occasioned straightening and channeling the stream at 90 Slaughter Road; information regarding prior owners' relocating the stream (on multiple occasions ) on Stony Ford Farm prior to its acquisition by Ford Equine; number of horses stabled at Mark Ford Stables, Inc.; volume of water and controlled rate of flow of pool water into the ditch behind the Barn; volume of wash water discharged from the Barns' wash bays into the septic system on the property; construction and maintenance of the manure barns and offsite disposal of used bedding containing

containing 10% manure, and the absence of land-spreading of manure on the property; deposition of fill material by Servidone on the properties; numbers of horses stabled on 90 Slaughter Road; financial downturn and erosion of income of corporate businesses).

2. James Bates (physical site conditions, including drainage patterns; elevations; the locations of former farm fields and the gravel mine on the properties; the flow of the streams on the properties; the isolated nature of various wetlands and the absence of hydraulic connection to the streams; logistics, suitability and feasibility of proposed restoration for the properties).

3. Thomas DePuy, P.E. (construction general permit issuance; preparation of SWPP plans submitted to the Town of Walkill Town Engineer and former Town Supervisor, the Town's MS-4 officer that approved the SWPP plans; septic fields that receive all drainage discharges from the Barns; calculations and cost projections for proposed remedial and restoration plans, and HEC-RAS analysis).

4. Mark Servidone (deposition of fill material on the properties; lack of tipping fees paid to the Defendants for that deposition of fill; retaining Thomas DePuy to prepare SWPP plans to submit to the Town's MS4 Officer for permission to deposit C&D material from the DOT highway construction project in the Town of Walkill).

5. Wes Fisher (*n.b.* Mr. Fisher is an elderly friend of Mr. Ford who is often confused, forgetful and may lack the capacity to testify. Mr. Fisher was interviewed on December 12, 2016 by the EPA CAFO inspector and gave incorrect information about the number of horses at Mark Ford Stables and erroneous information about drainage and discharges. The correct information has been provided in Defendants' February 15, 2021 answers to the United States' First Set of Interrogatories.

6. Town of Walkill officials, including former Town of Walkill Supervisor Dan DePuy (no relation to Thomas DePuy), who was the Town's former MS4 Officer and FEMA representative, and Town of Walkill Engineers McGoey Hauser & Edsal, re: approvals of the 2013 and 2015 SWPPPs submitted by Thomas DePuy permitting deposition of fill on the properties; construction of a PVC drainage pipe on the property.

7. Alan Lamberg (corporate structures of corporate defendants and their ownership of properties; financial condition and indebtedness of all defendants, based upon their tax returns).

B. Documents that will be used by Defendants to prove their defenses are those already produced prior to the filing of the Government's action, throughout the course of mediation, (including documentation of the Defendants' inability-to-pay claim), and in response to the Government's Requests for Production of Documents, are therefore already in the possession of the Government, and the documents identified in the Government's Initial Rule 26(a) disclosures, subsection B, page 4.

C. N/A; no damages have been sought by the Government.

D. The Defendants do not have any insurance agreements applicable to the matter as set forth in Rule 26(a)(1)(A)(iv).

Dated: February 15, 2021
      Shelter Island, New York

                      WESTERVELT & REA LLP

             By:    /s/ Kimberlea Shaw Rea
                   Kimberlea Shaw Rea
                   50 North Ferry Road
                   P.O. Box 633
                   Shelter Island, New York 11964
                   Tel.: (631)749-0200
                   Fax: (631)749-0292
                   E-mail: kimberlearea@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the Defendants' Initial Rule 26(a) Disclosures were served on February 15, 2021 by electronic mail upon the following:

Zachary Bannon
Tomoko Onozawa
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:(212) 537-2728, 2721
Fax:(212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov
Tomoko.Onozawa@usdoj.gov

**WESTERVELT & REA LLP**

By:___/*Kimberlea Shaw Rea*__
   Kimberlea Shaw Rea
   50 North Ferry Road
   P.O. Box 633
   Shelter Island, New York 11964
   kimberlearea@gmail.com
   *Attorneys for Defendants*