**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2021, I served a true and correct copy of the foregoing Declaration of Kimberlea Shaw Rea in Support of Motion for Leave to Withdraw as Counsel, by electronic and United States Certified Mail, upon the Defendants at the addresses below:

> Mark S. Ford
> Mark Ford Stables, Inc.
> Mark Ford Stage Road Property, Inc.
> Ford Equine Ltd.
> 90 Slaughter Road
> Middletown, New York 10941
> E-mail: MARKFORDSTABLE@frontiernet.net
> Fordstable@frontiernet.net
> MarkFord1070@gmail.com

And upon opposing counsel via the Court's EFC system and electronic mail at the addresses below:

> Zachary Bannon
> Tomoko Onozawa
> Assistant United States Attorneys
> 86 Chambers Street, 3rd Floor
> New York, New York 10006
> Tel.:(212) 537-2728, 2721
> Fax:(212) 637-2717
> E-mail: Zachary.Bannon@usdoj.gov
>         Tomoko.Onozawa@usdoj.gov

**WESTERVELT & REA LLP**

> By:___/Kimberlea Shaw Rea___
>    Kimberlea Shaw Rea
>    50 North Ferry Road
>    P.O. Box 633
>    Shelter Island, New York 11964
>    kimberlearea@gmail.com
>    *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YOK**
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,                    7:19-cv-09600(PMH)(JCM)

               Plaintiff,

                                  **DECLARATION OF**
                                  **KIMBERLEA SHAW REA IN**
                                  **SUPPORT OF MOTION FOR LEAVE**
                                  **TO WITHDRAW AS COUNSEL, UPON**
                                  **DEFENDANTS' DISCHARGE AND**
                                  **CONSENT**

   -against-

MARK FORD, MARK FORD STABLES, INC.
MARK FORD STAGE ROAD PROPERTY, INC.,
AND FORD EQUINE, LTD.,

               Defendants
-------------------------------------------------------------------X

      KIMBERLEA SHAW REA, under penalty of perjury, declares the following:

1.   I am an attorney admitted to practice law in the State of New York, and before this Court. I am a partner in the law firm Westervelt & Rea, LLP, counsel of record to Defendant Mark Ford and his corporate affiliates, Mark Ford Stables, Inc., Mark Ford Stage Road Property, Inc., and Ford Equine Ltd. ("Defendants").

2.   Pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, we respectfully request leave of Court to withdraw as counsel of record to the Defendants, upon their consent and their discharge of Westervelt & Rea LLP.

3.   Defendant Mark Ford retained Westervelt & Rea LLP on or about April 24, 2018 to represent him and his corporate affiliates, to attempt to resolve a Clean Water Act enforcement action that the Environmental Protection Agency ("EPA") was threatening to file.

4. Our firm's April 24, 2018 retainer agreement with Mr. Ford provided an hourly rate compensation structure for legal fees, and payment of costs and disbursements. That agreement was never amended or modified by the parties.

5. The Government's enforcement action was not settled, and the United States filed the instant action. From June through December of 2020, the parties were engaged in mediation under the supervision of Judge McCarthy, but as of the end of 2020, the case had not settled, although mediation continues.

6. Irreconcilable differences have developed between Mr. Ford and me that have resulted in the complete deterioration of our attorney-client relationship.

7. On February 12, 2021, I wrote to Mr. Ford recapping these fundamental and progressively worsening disagreements between us. I advised him that we were terminating our April 24, 2018 retainer agreement on that basis, and because he had failed and refused to pay legal fees incurred from February through December 2020 in the amount of $60,600.00 (and because he had repeatedly made it clear that he would not be paying fees for my legal services in 2021).

8. However, I also advised Mr. Ford in that letter that I would continue to represent him and his corporations until I was permitted by this Court to withdraw as their counsel.

9. Since January 4, 2021, I have continued to do so without compensation, working with the United States Attorney's Office on meet-and-confer interim discovery dates; preparing Defendants' Rule 26 Disclosures and Defendants' Responses to the Government's First Set of Interrogatories and Requests for Production of Documents, which were electronically filed on February 15, 2021. Since then, I have sought supplemental information from Mr. Ford, in response to the Government's request for clarification on responses to one of those disclosures. I have also conferred with him and his environmental and engineering consultants on the status of

HEC-RAS analysis (the watershed analysis that is being conducted to determine watershed impacts for the purposes of continuing mediation) and continued to coordinate with opposing counsel on the submission of monthly status reports to Judge McCarthy. Mr. Ford intends to make a new settlement offer in approximately 90 days. Third party discovery has not yet begun.

10. On March 26, 2021, Mr. Ford discharged my firm, acknowledging that irreconcilable differences have resulted in the breakdown of our attorney-client relationship. Mr. Ford also advised that he intends to retain new counsel, and he instructed me to request an additional 60 days from the date that I am relieved for new counsel to enter an appearance. His new counsel will also need to time to prepare for third party discovery.

11. We have served Defendants with these papers in accordance with Local Civil Rule 1.4.

12. This firm is not asserting a charging lien.

13. Based upon the above showing of satisfactory reasons for withdrawal, and upon meeting all other requirements of Local Civil Rule 1.4, I respectfully request this Court to enter an order (1) permitting my firm to withdraw as counsel for the Defendants and terminating all further ECF notices to me; (2) allowing Defendants 60 days from the date of that order to retain new counsel; and (3) adjourning all deadlines in the First Amended Case Management Order accordingly.

Dated: March 29, 2021
Shelter Island, New York

WESTERVELT & REA LLP

*/s/ Kimberlea Shaw Rea/s/*___
KIMBERLEA SHAW REA

50 North Ferry Road
P.O. Box 633
Shelter Island, New York 11964
kimberlearea@gmail.com
*Attorneys for Defendants*